UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-106 |
| | ) | (PHILLIPS) |
| | ) | |
| CHARLES E. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter came before the court regarding the parties joint oral motion to continue. In support of their motion, counsel represents that Defendant Stevens and the Government have been involved in plea discussions and have signed a plea agreement; the defendant has a drug-related issue; and the granting of a continuance of this case outweigh the defendant's and the public's interest in a speedy trial.

After carefully considering the position of the parties and after reviewing the entire file, the court finds that the motion for continuance is well taken. Accordingly, the trial of this case is CONTINUED for Defendant Stevens until July 7, 2005 and/or for a change of plea hearing. In taking this action, the court finds that the ends of justice served by doing so outweigh the best interests of the public and this defendant in a speedy trial. *See* 18 U.S.C. Section 3161(h)(8)(A). In particular, the court finds that the failure to grant a continuance of this length would likely result in a miscarriage of justice if defense counsel is not given adequate time to explore plea negotiations, after he further investigates this case, before trial. *Id.* Finally, the court finds that the failure to grant a continuance of this duration would deny counsel for the defendant the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence, if all these matters are not concluded well in advance of trial. *Id* Section 3161(h)(8)(B)(iv).

Thus, the court finds that the time period from the previous trial date (June 7, 2005) to the new trial date/change of plea date (July 7, 2005) is fully excludable pursuant to the Speedy Trial Act.

**ENTER:**

s/ Thomas W. Phillips
UNITED STATES DISTRICT JUDGE